IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LAWRENCE KEVIN BILLINGS,           §
                                   §
          *Petitioner*,            §
                                   §
v.                                 §          CIVIL ACTION NO. H-05-3544
                                   §
NATHANIEL QUARTERMAN,              §
                                   §
          *Respondent*.            §

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under section 2254 challenging his felony conviction for aggravated assault with a deadly weapon.  The Court initially construed respondent's answer as a motion to dismiss.  (Docket Entry No. 15.) Petitioner filed a response (Docket Entry No. 15), and was granted leave to file a supplemental response (Docket Entry No. 32).  However, a review of respondent's answer and petitioner's responses reveals that the parties have construed the answer and responses as a summary judgment proceeding.  Accordingly, the Court has reviewed those pleadings under the provisions of Rule 56 of the Federal Rules of Civil Procedure.

After careful consideration of the motion, the responses, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this lawsuit for the reasons that follow.

### *Procedural Background*

Petitioner was convicted of aggravated assault with a deadly weapon and sentenced to twenty-five years incarceration.  The conviction was affirmed on December 23, 2003. *Billings v. State*, No. 14-02-00861-CR (Tex. App. – Houston [14th Dist.] 2003, no writ) (not designated for publication).  Petitioner did not seek discretionary review with the Texas Court of Criminal Appeals.  His first application for state habeas relief was dismissed as premature because his direct appeal was pending. *Ex parte Billings*, No. 59,210-01, at cover. Petitioner filed a second application for state habeas relief on March 14, 2005. *Id*., No. 59,210-02. Petitioner filed the instant federal habeas petition on September 27, 2005, during the pendency of his second state habeas action.  The latter proceeding was denied without a written order on findings of the trial court, without a hearing, on October 12, 2005.

### *Grounds for Federal Habeas Relief*

Petitioner raises the following federal habeas grounds, as regrouped by the Court:

(1)     the indictment was illegally and constructively amended and invalid;

(2)      the trial court erred in denying a lesser included jury charge;

(3)     prosecutorial misconduct;

(4)     ineffective assistance of trial counsel in:

    (a)     failing to investigate and prepare for trial;

    (b)     failing to subpoena defense witnesses;

    (c)     failing to set hearings on three pretrial motions;

       (d)    failing to object to a prejudicial photograph;

       (e)    failing to move for a prosecution election;

       (f)    failing to object to the invalid indictment and jury instructions;

       (g)    abandoning petitioner at post-trial deadlines; and

(5)    ineffective assistance of appellate counsel in:

       (a)    failing to challenge the invalid indictment;

       (b)    failing to challenge an order;

       (c)    failing to challenge the denial of the motion to quash; and

       (d)    failing to challenge the denial of a lesser included jury charge.

Respondent argues that these claims are barred by limitations, procedurally defaulted, or without merit.

## *Factual Background*

The state court of appeals set out the following statement of facts in its opinion:

Appellant and the complainant, Kourtney Spencer, lived in the same building – a house that had been converted to three separate apartments. All of the water heaters for the house were located in Spencer's apartment. On the morning of September 13, 2001, Spencer received a knock on her apartment door. According to her testimony, appellant asked if he could enter her apartment to check his water heater. She testified that appellant entered her apartment and then left, returning a few minutes later to 'look at one more thing.' Spencer stated that while she was standing in her bedroom, appellant approached her from behind and put a cord tightly around her neck. She eventually broke free and called 9-1-1. Appellant was charged by indictment with the offense of aggravated assault. [FTN. The indictment included an enhancement paragraph for appellant's felony theft conviction in 1982. Appellant pled true to the enhancement paragraph when the trial court assessed

3

punishment.] *See* TEX. PEN. CODE ANN. §§ 22.01, 22.02 (Vernon 2003).  A
jury found appellant guilty and the trial court assessed punishment at twenty-
five years' confinement in the Texas Department of Criminal Justice,
Institutional Division.

*Billings*, at *1.

### *The Applicable Legal Standards*

This petition is governed by applicable provisions of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal relief

cannot be granted on legal issues adjudicated on the merits in state court unless the state

adjudication was contrary to clearly established federal law as determined by the Supreme

Court, or involved an unreasonable application of clearly established federal law as

determined by the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28

U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies

a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a

set of facts that are materially indistinguishable from a Supreme Court decision and arrives

at a result different from the Supreme Court's precedent.  *Early v. Packer*, 537 U.S. 3, 7-8

(2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies

the correct legal rule to the facts of a particular case, or unreasonably extends a legal

principle from Supreme Court precedent to a new context where it should not apply, or

unreasonably refuses to extend that principle to a new context where it should apply.

*Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable.  *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

### *AEDPA Limitations*

Respondent argues that the instant petition is barred by limitations.  As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

Petitioner correctly argues that his petition was timely filed.  The Texas Court of Criminal Appeals granted petitioner an extension until March 24, 2004, in which to file a petition for discretionary review.  Although petitioner ultimately did not seek discretionary review, his conviction did not become final for purposes of the one-year limitation until March 24, 2004.  Limitations expired one year later, on March 24, 2005.  Petitioner filed an application for state habeas relief on March 14, 2005, which was denied on October 12, 2005.  The instant federal petition was timely filed on October 17, 2005, five days prior to expiration of the AEDPA statute of limitations.

6

### *Invalid Indictment*

Petitioner alleges that the indictment was unlawfully amended and invalid. This issue was not raised on direct appeal. In rejecting the claim on collateral review, the state habeas court found that, "Applicant cannot challenge his indictment through habeas because a pretrial motion to quash on these alleged defects was never filed." *Ex parte Billings*, p. 186 (citation omitted). The Texas Court of Criminal Appeals relied on this finding in denying habeas relief. *Id.*, at cover. Accordingly, this issue is procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).

Federal habeas relief will not be granted on a procedurally defaulted claim unless the petitioner can demonstrate both good cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice in that he is actually innocent of the offense. Petitioner satisfies none of these requirements, and the Court is barred from consideration of his argument. *See Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997).

Even assuming this issue were properly before the Court, it is without merit. The sufficiency of a state indictment is not a matter for federal habeas review unless the indictment is so deficient as to deprive the convicting court of jurisdiction. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). If the question of validity or sufficiency of the indictment is presented to the highest state court of appeals, then consideration of the issue is foreclosed in a federal habeas proceeding. *McKay v. Collins*, 12 F.3d 66, 68-69 (5th Cir.

1994).  In the instant case, the trial court on collateral review alternatively found that, "[T]he Applicant has failed to allege sufficient facts which, if true, would show that his indictment is defective."  *Ex parte Billings*, p. 186 (citation omitted).  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.  *Id*., at cover.  Accordingly, the indictment was impliedly, if not expressly, found sufficient and valid by the highest state criminal appellate court, and the issue may not be revisited by this Court.

Further, petitioner's claim that the State amended the indictment in violation of state procedural requirements does not raise an issue of federal constitutional dimension.  The amendment of a state indictment is governed by a Texas procedural rule.  Tex. CODE CRIM. PROC. art. 28.10(a).  Because "[f]ederal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct errors of constitutional dimensions," the failure of a state court to comply with a state procedural rule presents a question of state law only.  *Smith v. Phillips*, 455 U.S. 209, 221 (1982).  For that reason, this Court ordinarily will not review questions of state criminal procedure.  *See Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983).  A question of constitutional dimension arises only where a violation of state procedure amounts to a violation of due process that renders the trial as a whole fundamentally unfair.  *Sawyer v. Butler*, 848 F.2d 582, 594-95 (5th Cir. 1988).  Petitioner shows no such due process violation here.  Respondent is entitled to summary judgment dismissal of this habeas ground.

### *Lesser Included Jury Charge*

Petitioner alleges that the trial court erred in not charging the jury on the lesser included offense of assault. The failure to instruct a jury on a lesser included offense in a noncapital state trial, however, is not a federal constitutional matter. *See Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998). No cognizable federal habeas claim is raised.

Regardless, petitioner did not raise this issue on direct appeal. In rejecting this claim, the state habeas court found that, "Because the Applicant failed to raise on direct appeal his instant claim that the trial court erred in refusing to include a lesser-included offense charge, the applicant is procedurally barred from raising the claim in the instant proceeding." *Ex parte Billings*, p. 186 (citation omitted). The Texas Court of Criminal Appeals relied on this finding in denying habeas relief. *Id.*, at cover. Accordingly, this issue is procedurally defaulted. *See Coleman*, 501 U.S. at 729-30; *Amos*, 61 F.3d at 338.

Federal habeas relief will not be granted on a procedurally defaulted claim unless the petitioner can demonstrate both good cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice in that he is actually innocent of the offense. Petitioner satisfies none of these requirements, and the Court is barred from consideration of his argument. *See Nobles*, 127 F.3d at 422.

Petitioner argues that he has shown good cause for the procedural default based on counsel's failure to raise the issue on direct appeal. In the alternative, he asserts counsel's

alleged deficiency as an independent constitutional violation.  As will be shown, *infra*, appellate counsel was not ineffective in failing to raise this meritless issue on direct appeal, and the issue is barred from consideration by this Court.

Respondent is entitled to summary judgment dismissing this habeas ground.

### Prosecutorial Misconduct

Petitioner alleges that the prosecution's use of a "five-year old picture" of him showing a cut above his eye constituted prosecutorial misconduct and denied him a fair and impartial trial.  Petitioner did not raise this issue on direct appeal.  In rejecting this claim, the state habeas court found that, "Because the applicant failed to raise on direct appeal his instant claim of prosecutorial misconduct regarding the use of an evidentiary photograph, the applicant is procedurally barred from raising it in the instant [habeas] proceeding." *Ex parte Billings*, pp. 186-87 (citation omitted).  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.  *Id*., at cover.  Accordingly, this issue is procedurally defaulted.  *See Coleman*, 501 U.S. at 729-30; *Amos*, 61 F.3d at 338.

Federal habeas relief will not be granted on a procedurally defaulted claim unless the petitioner can demonstrate both good cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice in that he is actually innocent of the offense. Petitioner satisfies none of these requirements, and the Court is barred from consideration of his argument.  *See Nobles*, 127 F.3d at 422.

10

Even assuming this issue were properly before the Court, the issue is without merit. Petitioner presents only conclusory allegations that the photograph was five years old and was not a fair representation of his appearance as of September 13, 2001, the date of the offense.  In the instant case, the trial court on collateral review also found that, "[T]he applicant fails to allege sufficient facts which, if true, would show that his due process rights were violated by prosecutorial misconduct." *Ex parte Billings*, p. 187 (citation omitted).  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.  *Id.*, at cover.  Petitioner fails to show that the state court's determinations are in conflict with established federal law or are objectively unreasonable, and fails to rebut the presumption of factual correctness with clear and convincing evidence.  *See Miller-El v. Cockrell*, 537 U.S. 322, 330-31, 343 (2003); 28 U.S.C. §§ 2254(d)(1), (2), (e)(1).  No grounds for habeas relief are shown, and respondent is entitled to summary judgment dismissing this habeas issue.

### *Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient

performance. *Id.* at 687.  The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688.  In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694.  To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

12

Petitioner alleges several instances of ineffective assistance of trial counsel.  He relies here, as he did in state court on collateral review, on the same three sources of "proof" for all of the claimed instances:  a dissenting opinion in an unrelated state appellate court criminal decision; a State Bar of Texas website page showing counsel's public disciplinary record; and a listing of counsel's purported criminal offenses.  Even assuming acceptance of these documents as evidence properly before this Court, they do not establish trial counsel's ineffectiveness in *petitioner's* case, as shown below.

Petitioner directs the Court's attention to the dissenting opinion in the unrelated state criminal case of *Fimberg v. State*, 922 S.W.2d 205, 209 (Tex. App. – [1st Dist.] 1996, pet. ref'd).  Fimberg, who was represented by petitioner's trial counsel, alleged that trial counsel was ineffective.  The majority opinion rejected the claim, but one appellate justice dissented, stating that trial counsel had been unprepared for trial.  Even assuming the majority opinion were to have found trial counsel ineffective in his representation of Fimberg, it would not stand as proof of counsel's ineffectiveness in the instant case.

Nor is petitioner's argument buttressed by his allegations that unrelated professional disciplinary complaints were lodged against trial counsel, or that trial counsel has a criminal record.  Neither the Supreme Court nor the Fifth Circuit Court of Appeals has adopted a *per se* approach to ineffective assistance of counsel; under *Strickland*, deficient performance and prejudice must be shown regarding counsel's performance in the immediate case.

In rejecting petitioner's claims of ineffective assistance of counsel, the state court on collateral review made the following relevant findings:

1. The applicant fails to allege sufficient facts which, if true, would show that trial or appellate counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

2. The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

*Billings*, p. 187 (citations omitted).

Each of petitioner's alleged instances of ineffective assistance will be addressed under the AEDPA standard of review.

A.    *Failure to investigate and prepare for trial*

Petitioner argues that trial counsel was ineffective in failing to investigate witnesses, the police officers, and the prosecution's records, and that he failed to prepare adequately for trial.

A defendant who alleges a failure to investigate by his trial counsel must show with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir.1989). The evidence must have been made known to defense counsel by petitioner (if otherwise unknown to counsel), and must have been specific, admissible, and significant in order for counsel's failure to investigate to be constitutionally deficient. *Carter v. Johnson*, 131 F.3d

14

452, 465 (5th Cir. 1997).  Further, the additional information must be significant enough to alter the outcome of the trial.  In order to satisfy the prejudice prong of *Strickland*, a defendant must show more than the mere possibility of a different outcome.  He must present evidence of sufficient quality and force to raise a reasonable probability that, had it been presented to the jury, the outcome would have been different.  *United States v. Drones*, 218 F.3d 496, 504 (5th Cir. 2000).

Petitioner presents no probative evidence, and none appears in the record, establishing what investigations and trial preparation trial counsel did, or did not, undertake.  Nor does petitioner establish what any specific additional investigation or trial preparation would have accomplished, or that he was prejudiced by counsel's purported deficiencies; that is, petitioner fails to demonstrate a reasonable probability that a specific additional investigation or trial preparation would have made a difference to the result of his trial.  *Strickland.*  To the extent petitioner complains that trial counsel failed to obtain a copy of the complainant's statement prior to trial, he does not show that state law entitled him to a copy of the statement prior to the complainant's trial testimony.  *See*, *e.g.*, TEX. R. EVID. 615.  To the further extent petitioner relies on excerpts of the trial record to establish counsel's deficient performance, these excerpts establish neither deficient performance nor prejudice under *Strickland*.

Petitioner's conclusory assertions are insufficient to overcome the strong presumption that counsel's representation falls within the wide range of reasonable professional

15

assistance, and he shows neither deficient performance nor prejudice.  *See Strickland*, 466 U.S. at 689.

      B.    *Failure to subpoena defense witnesses*

      Petitioner complains that trial counsel was deficient in failing to subpoena certain police officers, and in failing to seek a continuance to obtain the trial testimony of Sargent Bice.

      Complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative.  *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983).  To prevail on such a claim, a petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.  *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).  The petitioner must also show prejudice, that is, a reasonable probability that the uncalled witnesses would have made a difference to the result of the trial.  *Id.* at 603.

      Petitioner presents no probative evidence, and none appears in the record, establishing any uncalled witness's proposed testimony (including that of Sargent Bice), the availability of the witness to testify at trial, or that the testimony would have been favorable to a particular defense and would have made a difference in the trial results.  Further, the record shows that trial counsel favorably utilized the failure of the State to call these other officers

16

by suggesting to the jury that the officers might have testified that the complainant showed no injuries at the offense scene.[1]   Petitioner's conclusory assertions are insufficient to overcome the strong presumption that counsel's representation falls within the wide range of reasonable professional assistance and that trial counsel's actions were reasoned trial strategy.  Neither deficient performance nor prejudice are shown.  *See Strickland*, 466 U.S. at 689.

         C.     *Failure to set hearings on three pretrial motions*

Petitioner asserts that trial counsel filed a motion for discovery, a motion under Rule 404(b), and a motion under Rule 609, but failed to set them for hearing.  He further argues that, because hearings were not set, crucial pretrial discovery was not obtained.

In complaining that the motions were filed but not set for hearing, petitioner establishes neither deficient performance nor prejudice under *Strickland*.  To the contrary, the record reflects that the State filed a notice of intent to offer certain Rule 404 and Rule 609 evidence at trial, thus negating any need for a hearing as to those matters.  C.R. at 26-27, 30-33, 38-51.  Nor does petitioner demonstrate that pretrial discovery was not obtained by informal agreement between counsel and the State, rendering unnecessary any intervention by the trial court.

---

[1]Even if true, such testimony would not have disproved the charge of aggravated assault. Under state law, "bodily injury" includes physical pain; proof of an observable, physical injury ("serious bodily injury") is not required where, as here, a deadly weapon is exhibited during the offense. *See* TEX. PENAL CODE §§ 1.07(a)(8); 22.01; 22.02.

17

As his "proof" that trial counsel did not pursue pretrial discovery, petitioner refers to counsel's lack of objection to petitioner's photograph (State's Exhibit No. 1) and his statement at trial that he had never seen the electrical cord exhibit (State's Exhibit No. 2). These arguments are unpersuasive.  That trial counsel had no objections to the photograph is not proof that he was unaware of the photograph.  On the other hand, the State agreed that counsel had never seen the proffered electrical cord, because it was presented for "demonstrative purposes only."  R.R. Vol. 2, pp. 26-27.  Petitioner establishes neither deficient performance nor prejudice under *Strickland.*

D.     *Failure to object to prejudicial photographs*

To prevail on his claim that counsel was ineffective in failing to object to the State's Exhibit No. 1 photograph, petitioner must establish that an objection, if made, would have been granted, and that, but for counsel's failure to object, there is a reasonable probability that the result of his trial would have been different.  *Strickland.*

Petitioner does not meet this burden of proof.  By offering only conclusory allegations that the photograph was five years old and was not a fair representation of his appearance as of the date of the offense, petitioner does not demonstrate that an objection to the exhibit would have been granted or that, but for such objection, there is a reasonable probability that the result of his trial would have been different.  Petitioner again fails to show deficient performance and prejudice under *Strickland.*

18

E.     *Failure to move for prosecution election*

Petitioner next argues that trial counsel should have demanded that the State elect

which paragraph of the indictment it intended to present to the jury.  The jury was charged

with the following, in relevant part:

> A person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another.
>
> A person commits the offense of aggravated assault if the person commits assault, as hereinafter defined, and the person uses or exhibits a deadly weapon during the commission of the assault.
>
> 'Deadly weapon' means anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.
>
> 'Bodily injury' means physical pain, illness, or any impairment of physical condition.
>
> Now, if you find from the evidence beyond a reasonable doubt that on or about the 13th day of September, 2001, in Harris County, Texas, the defendant, Lawrence Kevin Billings, did then and there unlawfully, intentionally, knowingly or recklessly cause bodily injury to Kourtney Spencer by using a deadly weapon, namely, *a cord*; *or*
>
> If you find from the evidence beyond a reasonable doubt that on or about the 13th day of September, 2001, in Harris County, Texas, the defendant, Lawrence Kevin Billings, did then and there unlawfully, intentionally, knowingly or recklessly cause bodily injury to Kourtney Spencer by using a deadly weapon, namely, *an unknown object*, then you will find the defendant guilty as charged in the indictment.

C.R. at 70-71 (emphasis added).  Accordingly, the jury was allowed to find that petitioner

committed the offense of aggravated assault by his use of either a cord or an unknown object.

19

Petitioner asserts, in conclusory fashion, that trial counsel should have requested the State to choose between the two evidentiary weapon allegations in the jury charge.

Petitioner fails to direct this Court's attention to any applicable state law in support of this argument, and the Court independently has found none. The precise deadly weapon used in commission of the offense was an evidentiary matter. *See*, *e.g.*, *Richardson v. State*, 766 S.W.2d 538, 540 (Tex. App. – Houston [14th Dist.] 1989, pet. ref'd). An ineffectiveness claim based on speculation or conclusional rhetoric will not warrant relief. *See Lincecum v. Collins*, 958 F.2d 1271, 1279-80 (5th Cir. 1992). Petitioner has not met his burden of overcoming the strong presumption under *Strickland* that his trial counsel was competent, nor has he shown that a motion for such election would have been granted. Even if he could show deficient performance, he has not demonstrated a reasonable probability that, but for counsel's act or omission, the outcome of his trial would have been different.

F.  *Failure to challenge the invalid indictment*

Petitioner argues that trial counsel was deficient in not arguing that the prosecution failed to follow state law procedures in amending the indictment. According to petitioner, the amended indictment was filed two years before a motion for leave to amend was filed, and that the trial court did not rule on the motion. Petitioner asserts that this failure to follow state procedure rendered the indictment illegally amended, defective, and invalid.

The record shows that the criminal complaint was filed September 20, 2001, and that petitioner was arrested the same day. C.R. at 2-4. An indictment was returned on December

17, 2001.  C.R. at 9.  The indictment reflected handwritten changes adding "recklessly" and "unknown object," and deleting "electrical" as the type of cord used.  *Id*.  Significantly, the record does *not* disclose the date these interlineations were made.  Six months later, on June 10, 2002, the State filed a motion to amend the indictment under Article 28.10 of the Texas Code of Criminal Procedure consistent with the handwritten changes appearing on the indictment.  C.R. 34.  The trial court signed the attached order, but did not designate whether the motion was granted or denied.  C.R. at 35.  The jury was charged according to the language of the interlineated indictment.  It is petitioner's position that, because no order granting leave to amend the indictment appears in the record, he was charged with, and found guilty under, an invalid, defective indictment.

The trial court on collateral review rejected petitioner's position, and expressly found that, "[T]he Applicant has failed to allege sufficient facts which, if true, would show that his indictment is defective."  *Ex parte Billings*, p. 186 (citation omitted).  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.  *Id*., at cover.  The AEDPA requires this Court to afford deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the

presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.  Petitioner here fails to rebut the presumed correctness of the trial court's finding that petitioner failed to allege sufficient facts which, if true, would show that his indictment was defective.  Nor are the state court's findings objectively unreasonable in light of the evidence presented in the state court proceeding.  Succinctly stated, petitioner failed to meet his burden of proof on state collateral review and under AEDPA.

In any event, it cannot be said that trial counsel was deficient in failing to challenge the indictment under petitioner's alleged grounds.  Petitioner fails to show that, had trial counsel presented the objections raised by petitioner, the motion would have been granted, or that there is a reasonable probability that the results at trial would have been different.  The amended indictment did not charge an additional or different offense, or prejudice petitioner's substantial rights under state law.  *See Flowers v. State*, 815 S.W.2d 724, 727-29 (Tex. Crim. App. 1991).  It is well established that counsel is not ineffective in failing to raise futile or meritless objections.  *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Further, as the amended indictment was not shown to be defective or invalid, the jury charge, which tracked the language of the amended indictment, was not improper or subject to objection.  Neither deficient performance nor prejudice are shown.

G.     *Abandonment of petitioner at post-trial deadlines*

Petitioner's complaint that trial counsel "abandoned" him following the conviction is refuted by the record.  Trial counsel filed a notice of appeal following the guilty verdict, and the trial court appointed counsel on appeal.  Trial counsel then filed a motion to withdraw, which was granted by the trial court  C.R. at 79, 85-87.  Petitioner summarily asserts that he was left to file his own motion for new trial, implying that, had trial counsel filed a motion for new trial, it would have been granted.

Petitioner's conclusory allegations establish neither deficient performance nor prejudice.  As stated above, the state trial court expressly found that petitioner failed to meet his burden of proof under *Strickland*, and that he was accorded reasonably effective assistance of counsel.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  Further, neither the Supreme Court nor the Fifth Circuit has recognized a criminal defendant's constitutional right to counsel for purposes of pursuing a motion for new trial.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on the issue of ineffective assistance of trial counsel.

23

### *Ineffective Assistance of Appellate Counsel*

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. That is, petitioner must show that but for appellate counsel's deficient performance, the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 687-88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts*, 469 U.S. at 394; *West*, 92 F.3d at 1396. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690-91. Meritless grounds need not be raised. *Koch*.

In rejecting petitioner's claims of ineffective assistance of appellate counsel, the state court on collateral review made the following relevant findings:

1.   The applicant fails to allege sufficient facts which, if true, would show that trial or appellate counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

24

2.      The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

*Billings*, p. 187 (citations omitted).

Each of petitioner's four alleged instances of ineffective assistance of appellate counsel, as grouped for efficiency and clarity, will be addressed under the AEDPA standard of review.  In none of these instances, however, does petitioner meet the standards of proof imposed by *Strickland*.  *See*, *e.g.*, *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that a petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal).

A.      *Failure to challenge the invalid indictment*

Petitioner claims that appellate counsel was deficient in not challenging the illegally-amended and defective indictment and ensuing jury charge.  However, in absence of a proper objection or motion at trial, error is not preserved and there is nothing to appeal.  Because trial counsel did not raise these objections at trial, the alleged errors were not preserved for appeal.  Nor does petitioner show that the indictment and jury charge presented fundamental error.  Appellate counsel was not deficient in raising unsupported or groundless errors.  *See Koch*.

25

B.   *Failure to challenge an order*

Petitioner complains that appellate counsel was deficient in not challenging the "ungranted and outdated order." (Docket Entry No. 1, p. 11.) Although the habeas petition itself does not identify the specific order being challenged, petitioner's memorandum in support of the habeas petition references the trial court's "order" of June 10, 2000, which appears in the Clerk's Record at page 35. The trial court signed the order, but failed to specify whether the motion to amend the indictment was granted or denied.

Petitioner fails to support his argument with applicable authority holding that the "order" itself constituted grounds for reversing his conviction on direct appeal. Petitioner fails to establish that, but for counsel's failure to challenge the order on appeal, there is a reasonable probability that his appeal would have been granted, and he shows neither deficient performance nor prejudice under *Strickland*.

C.   *Failure to challenge the denial of the motion to quash the indictment*

Petitioner asserts that appellate counsel should have challenged the trial court's denial of petitioner's pretrial motion to quash the indictment. The record shows that trial counsel moved to quash the indictment on grounds that it was "fundamentally defective for its failure to allege that the defendant caused or threaten[ed] to cause any specific harm or injury" to the complainant and that it failed to specify what injury the complainant sustained. C.R. at 67-68. The motion was denied. *Id.* at 69.

The trial court on collateral review rejected petitioner's position, and expressly found that, "[T]he Applicant has failed to allege sufficient facts which, if true, would show that his indictment is defective." *Ex parte Billings*, p. 186 (citation omitted). The Texas Court of Criminal Appeals relied on this finding in denying habeas relief. *Id*., at cover. A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31. Petitioner here fails to rebut the presumed correctness of the trial court's finding that petitioner failed to allege sufficient facts which, if true, would show that his indictment was defective. It is well established that counsel is not ineffective in failing to raise futile or meritless objections. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Accordingly, it cannot be said that appellate counsel was deficient in failing to challenge the denial of the motion to quash the indictment. Nor does petitioner establish that, but for counsel's failure to raise this issue on appeal, there is a reasonable probability that the results of his appeal would have been different. No grounds for federal habeas relief are shown.

D.     *Failure to challenge the denial of a lesser included jury charge*

The trial court refused petitioner's request for a lesser included jury charge on simple assault. Petitioner claims that this refusal constituted reversible error which, if raised by counsel on appeal, would have entitled him to a new trial.

27

In order to be entitled to a charge on a lesser included offense in state court, a criminal defendant must show that (1) the lesser offense is included within the proof of the offense charged, and (2) there is some evidence that he, if guilty, is guilty only of the lesser included offense. *Rousseau v. Texas*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). A lesser included offense instruction is not required if a defendant's evidence at trial suggests that he committed no offense at all. *Lofton v. Texas*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001).

The complainant testified at trial that petitioner wrapped a cord around her neck and tightened it until it hurt and caused her pain. R.R. Vol. 2, pp. 25-33. One of the police officers testified that the complainant had a scratch on her forehead and a red welt around her neck. *Id.*, p. 79. Petitioner acknowledges this testimony, but argues that, because no weapon (or cord) was recovered from the offense scene and no photographs or medical records were submitted to prove the complainant's physical injuries, there is "some evidence" that he, if guilty, is guilty only of the lesser included offense.

Petitioner's argument is unsupported. The record provides no evidence that, if guilty, petitioner was guilty only of simple assault, as was explained by the trial court in denying petitioner's request for a lesser included jury charge:

| | |
|---|---|
| THE COURT: | I haven't heard any evidence yet of any lesser included offense. |
| DEFENSE COUNSEL: | Well, maybe after Mr. Ramiro gets a chance to testify there may be some evidence of a lesser included offense. |

THE COURT:          Unless he was in the room [at the time of the offense], I don't see how he's going to give any evidence to change that.

DEFENSE COUNSEL:    Well, he – he was there immediately after it happened and he can testify as to whether or not there were any injuries upon this lady because he was there immediately after this happened.

THE COURT:          Bodily injury only requires physical pain and that's in the mind of the person who is the victim.   There's no evidence before the jury that the weapon involved is not a deadly weapon so there's no evidence of any lesser included at this point in time.

R.R. Vol. 2, pp. 118-119.  Neither a lack of recovery of the actual weapon used nor absence of photographs or medical records documenting objective physical injury to the complainant constituted evidence supportive of a lesser included offense charge.  Petitioner fails to show that, but for appellate counsel's failure to challenge this ruling on appeal, there is a reasonable probability that the result of the appeal would have been different.

As stated above, the state trial court expressly found that petitioner failed to meet his burden of proof under *Strickland*, and that he was accorded reasonably effective assistance of counsel on appeal.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is

shown, and respondent is entitled to summary judgment on the issue of ineffective assistance of appellate counsel.

### Conclusion

For the reasons stated above, the Court GRANTS summary judgment and DISMISSES this case with prejudice.  Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide the parties with a copy of this order.

Signed at Houston, Texas on February 11, 2009.

Gray H. Miller
United States District Judge

30